UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Letron Sharell Davis, | ) | Civil Action No. 2:12-1923-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mr. L. Harrington, Individual and Official | ) | **OPINION AND ORDER** |
| Capacities, a/k/a Sergeant Harrington; and | ) | |
| Ms. P. Brayboy, Individual and Official | ) | |
| Capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Letron Sharell Davis ("Plaintiff"), proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. (ECF No. 1.) This matter is now before the court upon the Magistrate Judge's Report and Recommendation filed on April 3, 2013, recommending this case be dismissed *with prejudice* pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the grounds that Plaintiff failed to prosecute the case, and failed to comply with this court's orders. (ECF No. 68.) More specifically, Plaintiff failed to comply with this court's orders of November 29, 2012 (ECF No. 39) and January 11, 2013 (ECF No. 51) directing Plaintiff to respond to Defendant Brayboy's Motion for Summary Judgment filed on November 29, 2012. (ECF No. 37.) On February 6, 2013, Plaintiff was given additional time to respond to the Motion for Summary Judgment, but failed to do so by the March 8, 2013 deadline. When Plaintiff failed to respond to Defendant Brayboy's Motion for Summary Judgment, the Magistrate Judge entered an order giving Plaintiff until March 28, 2013 to respond to the Motion for Summary Judgment and again notified Plaintiff that this case could be subject to dismissal for failure to prosecute. (ECF No. 64.) Plaintiff failed to respond to the order to provide a response to the Motion for Summary Judgment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 68 at 3.) However, he has not done so and objections were due on April 22, 2013.[1] In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

---

[1] On April 3, 2013, a motion for summary judgment (ECF No. 67) was filed by Defendant L. Harrington. Plaintiff's response to this motion was due on May 9, 2013 pursuant to the court's order to Plaintiff (ECF No. 70), but no response has been filed to this motion either. As Plaintiff has already failed to prosecute this case, a Report and Recommendation by the Magistrate Judge concerning this motion is not necessary.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
May 14, 2013